

### DEPARTMENT OF THE TREASURY
#### WASHINGTON, D.C. 20220

JUL 2 5 2012

Stephen Heifetz
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

Todd J. Guerrero
Fredrikson & Byron, P.A.
200 South Sixth Street
Minneapolis, MN  55402

Re:  CFIUS Case 12-44: Ralls Corporation (United States/UBO: China)/Certain Assets of Terna
     Energy USA Holding Corporation

Dear Messrs. Heifetz and Guerrero:

This letter transmits an Order Establishing Interim Mitigation Measures (Interim Order)
regarding the above-identified transaction, which was notified to the Committee on Foreign
Investment in the United States (CFIUS) on June 28, 2012.

If you have any questions regarding the Interim Order, please feel free to contact me at (202)
622-0184 or Robin Epstein at (202) 622-1739.

Sincerely,

Aimen N. Mir
CFIUS Staff Chair

Enclosure

Exempt from disclosure under the Freedom of Information Act, 5 USC 552(b).  Public disclosure is further prohibited by 50 USC App. 2170(c).

# ORDER ESTABLISHING INTERIM MITIGATION MEASURES

## Regarding the Acquisition of Certain Assets of Terna Energy USA Holding Corporation by Ralls Corporation

Whereas the Committee on Foreign Investment in the United States ("CFIUS") has received written notification, pursuant to section 721 of the Defense Production Act of 1950, as amended, 50 U.S.C. App. 2170 ("section 721"), of a transaction ("Transaction") involving the acquisition of Lower Ridge Windfarm, High Plateau Windfarm, Mule Hollow Windfarm, and Pine City Windfarm, each a limited liability company organized under Oregon law ("Project Companies"), by Ralls Corporation, a company organized under the laws Delaware ("Ralls") (together, "the Companies");

Whereas CFIUS has determined that the Transaction, as described in the notice submitted to CFIUS dated June 28, 2012 ("Notice"), constitutes a "covered transaction" for purposes of section 721;

Whereas CFIUS has undertaken a review of the effects of the Transaction on the national security interests of the United States, as required by section 721;

Whereas CFIUS has determined that there are national security risks to the United States that arise as a result of the Transaction, and CFIUS seeks to mitigate those risks pending any further action by the President, or by CFIUS on his behalf;

By the authority vested in CFIUS by section 721, and Executive Order 11858 of May 7, 1975, as amended by Executive Order 13456, 73 Fed. Reg. 4677 (Jan. 23, 2008), CFIUS hereby establishes the following Interim Mitigation Measures, which shall be effective as of the date of this Order ("Effective Date") and shall apply until such time as this Order expires:

## Section 1.     Interim Mitigation Measures

Unless otherwise approved by CFIUS in accordance with Section 4 of the Order, the Companies, and any persons acting on behalf of the Companies:

(a) **No Further Construction or Operations.**  Shall immediately cease all Construction and Operations, and shall not undertake any further Construction and Operations, at the Properties.

(b) **No Stockpiling or Storage.**  Shall remove all stockpiled or stored items from the Properties no later than July 30, 2012, and shall not deposit, stockpile, or store any new items at the Properties.

(c) **No Access.**  Shall immediately cease all access, and shall not have any access, to the Properties.  Notwithstanding the foregoing, U.S. citizens contracted by the Companies and

approved by CFIUS may access the site until July 30, 2012, solely for purposes of removing any items from the Properties in compliance with the requirement of Section 1(b).

**Section 2.**     **Enforcement**

This Order is enforceable, through injunctive relief, criminal or civil penalty, or otherwise, pursuant to section 721, the Executive Order, the CFIUS regulations, 18 U.S.C. § 1001, or any other applicable law.

**Section 3.**     **Definitions**

As used in this Order:

(a)  "Access" means physical access to, and all forms of communication with any person at, the Properties.

(b)  "Construction and Operations" means building, testing, pre-construction activity, or any other activity at the Properties.

(c)  "Order" means this Order issued on behalf of CFIUS.

(d)  "Properties" means any of the sites on which the Project Companies have proposed in the Notice to construct wind farms.

**Section 4.**     **Modification**

(a)  This Order may be revoked or modified by CFIUS or by order of the President. Any request by the Companies for a modification of this Order must be made in writing.

(b)  The Companies, together or individually, may request a conference with representatives of CFIUS on any matter related to this Order, including any request for a modification of this Order.

**Section 5.**     **Expiration**

This Order will remain in effect until CFIUS concludes action or the President takes action under section 721 with respect to the Transaction or upon revocation by CFIUS or the President.

**Section 6.**   **Miscellaneous**

(a)  The provisions of this Order shall be severable, and if any provision hereof or the application of such provision under any circumstances is held invalid by a court of competent jurisdiction in the United States, it shall not affect any other provision of this Order or the application of any provision hereof.

(b)  The terms of these Interim Mitigation Measures are without prejudice to the final disposition of CFIUS's review.

3

    (c) Nothing in this Order is intended to (i) limit any rights the U.S. government may have
under law or regulation or (ii) to create rights enforceable at law by any other
individuals or entities.

On behalf of CFIUS:

Aimen N. Mir
CFIUS Staff Chair

, 2012