Exempt from disclosure under the Freedom of Information Act, 5 USC 552(b). Public disclosure is further prohibited by 50 USC App. 2170(c).

# AMENDED ORDER ESTABLISHING INTERIM MITIGATION MEASURES

### Regarding the Acquisition of Certain Assets of Terna Energy USA Holding Corporation by Ralls Corporation

Whereas the Committee on Foreign Investment in the United States ("CFIUS") has received written notification, pursuant to section 721 of the Defense Production Act of 1950, as amended, 50 U.S.C. App. 2170 ("section 721"), of a transaction ("Transaction") involving the acquisition of Lower Ridge Windfarm, High Plateau Windfarm, Mule Hollow Windfarm, and Pine City Windfarm, each a limited liability company organized under Oregon law ("Project Companies"), by Ralls Corporation, a company organized under the laws Delaware ("Ralls");

Whereas, among other things, the primary business purpose of Ralls is to provide business opportunities in the United States for wind turbines provided by the Sany Group, which is a Ralls-affiliated entity; Ralls is wholly owned by Mr. Dawei Duan and Mr. Jialing Wu, who are executives of the Sany Group (which includes Sany Electric and Sany Heavy Industries); and Ralls closely consults with the Sany Group and is financed, at least in part, by the Sany Group with respect to Ralls' activities;

Whereas the Project Companies, Ralls and its subsidiaries, and the Sany Group (which includes Sany Electric and Sany Heavy Industries) are collectively referred to in this Order as the "Companies";

Whereas CFIUS has determined that the Transaction, as described in the notice submitted to CFIUS dated June 28, 2012 ("Notice"), constitutes a "covered transaction" for purposes of section 721;

Whereas CFIUS has undertaken a review of the effects of the Transaction on the national security interests of the United States, as required by section 721;

Whereas CFIUS has determined that there are national security risks to the United States that arise as a result of the Transaction, and CFIUS seeks to mitigate those risks pending any further action by the President, or by CFIUS on his behalf;

By the authority vested in CFIUS by section 721, and Executive Order 11858 of May 7, 1975, as amended by Executive Order 13456, 73 Fed. Reg. 4677 (Jan. 23, 2008), CFIUS hereby modifies the Order Establishing Interim Mitigation Measures dated July 25, 2012, as follows, which shall be effective as of the date of this Order ("Effective Date") and shall apply until such time as this Order expires in accordance with Section 6 below:

## Section 1.     Interim Mitigation Measures

Unless otherwise approved by CFIUS in accordance with Section 5 of the Order, the Companies, including their officers and employees, and any persons acting on behalf of the Companies, and Mr. Dawei Duan and Mr. Jialing Wu:

(a) **No Further Construction or Operations.** Shall immediately cease all Construction and Operations, and shall not undertake any further Construction and Operations, at the Properties.

(b) **No Stockpiling or Storage.** Shall remove all stockpiled or stored items from the Properties no later than July 30, 2012, and shall not deposit, stockpile, or store any new items at the Properties, any lay down site identified by the Companies in any information or communication submitted to CFIUS, or at any location that is closer to the R-5701 Restricted Airspace than the lay down site that is farthest from the R-5701 Restricted Airspace.

(c) **No Access.** Shall immediately cease all access, and shall not have any access, to the Properties. Notwithstanding the foregoing, U.S. citizens contracted by the Companies and approved by CFIUS may access the site solely for purposes of removing any items from the Properties in compliance with the requirements of Section 1(b) or (e)(i).

(d) **No Sale or Transfer of Sany Items.** Shall not sell or otherwise transfer or propose, or otherwise facilitate the sale or transfer to any third party for use or installation at the Properties of any items made or otherwise produced by the Sany Group.

(e) **No Sale of Project Companies.** Shall not complete a sale or transfer of the Project Companies or their assets to any third party until:

  i. All items deposited, installed, or affixed (including concrete foundations) on the Properties subsequent to the acquisition by Ralls of the Project Companies have been removed from the Properties;
  ii. the Companies notify CFIUS of the intended recipient or buyer;
  iii. the Companies have not received an objection from CFIUS within 10 business days of notification.

## Section 2.     Timing of Notices and Other Communications

All notices and other communications shall be in writing and, unless otherwise provided in this Order, shall be deemed to have been duly given or made as of the date of receipt and shall be sent by e-mail and by one of the following means: (a) personal delivery, (b) facsimile, (c) documented overnight courier service, or (d) registered or certified mail, postage prepaid, addressed to the CFIUS' designated representatives at the addresses shown below, or to such other representatives at such other addresses as CFIUS may designate:

Paul Halpern
CFIUS Director, Manufacturing & Industrial Base Policy
Office of the Under Secretary of Defense for Acquisition, Technology & Logistics
Department of Defense
1777 North Kent Street, Suite 12047
Arlington, VA 22209
Fax: 703-588-0504
Email: MIBP.CFIUS@osd.mil

Aimen Mir
CFIUS Staff Chair
Office of Investment Security
Department of the Treasury
1500 Pennsylvania Avenue, N.W., Room 5221
Washington, DC 20220
Fax: 202-622-0391
Email: cfius@treasury.gov

### Section 3.   Enforcement

This Order is enforceable, through injunctive relief, criminal or civil penalty, or otherwise, pursuant to section 721, the Executive Order, the CFIUS regulations, 18 U.S.C. § 1001, or any other applicable law.

### Section 4.   Definitions

As used in this Order:

(a) "Access" means physical access to, and all forms of communication with any person at, the Properties.

(b) "Construction and Operations" means building, testing, pre-construction activity, or any other activity at the Properties.

(c) "Order" means this Order, as amended, issued on behalf of CFIUS.

(d) "Properties" means any of the sites on which the Project Companies have proposed in the Notice to construct wind farms.

### Section 5.   Modification

(a) This Order may be revoked or modified by CFIUS or by order of the President. Any request by the Companies for a modification of this Order must be made in writing.

(b) The Companies, together or individually, may request a conference with representatives of CFIUS on any matter related to this Order, including any request for a modification of this Order.

## Section 6.  Expiration

This Order will remain in effect until CFIUS concludes action or the President takes action under section 721 with respect to the Transaction or upon revocation by CFIUS or the President.

## Section 7.  Miscellaneous

(a) The provisions of this Order shall be severable, and if any provision hereof or the application of such provision under any circumstances is held invalid by a court of competent jurisdiction in the United States, it shall not affect any other provision of this Order or the application of any provision hereof.

(b) The terms of these Interim Mitigation Measures are without prejudice to the final disposition of CFIUS's review.

(c) Nothing in this Order is intended to (i) limit any rights the U.S. government may have under law or regulation or (ii) to create rights enforceable at law by any other individuals or entities.

On behalf of CFIUS:

*(signature)*

Aimen N. Mir
CFIUS Staff Chair

August 2, 2012