IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| RALLS CORPORATION, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | Case No. 1:12-cv-01513-ABJ |
| ) | |
| BARACK H. OBAMA, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO EXPEDITE**

Defendants' opposition to Plaintiffs' Motion to Expedite requires only a short reply to its multiple erroneous and misleading contentions.

*First*, Defendants spuriously contend that Ralls's Motion to Expedite is simply "a new version of its withdrawn motion for preliminary injunctive relief," and Ralls "does not even attempt" to meet the necessary elements for an emergency injunction. Opp. 2. Defendants assert that Ralls "seeks, without saying so, to refile its motion for emergency injunctive relief," and that Ralls "seeks the equivalent of a preliminary injunction, in that it asks the Court to resolve its request for injunctive relief on an expedited schedule." *Id.* at 6.

The contention that Ralls's motion to expedite actually seeks preliminary injunctive relief is a curious one considering that in its motion, Ralls expressly reserved its right to seek preliminary injunctive relief. *See* Mot. 5. There is certainly nothing unusual about asking a district court to expedite a matter, nothing unusual about a district court exercising its discretion to expedite a matter when circumstances warrant, and nothing that equates such action to the altogether different determination of granting a preliminary injunction. *See, e.g.*, *Florida v.*

*United States*, 820 F. Supp. 2d 85, 89 (D.D.C. 2011) ("It is well established that district courts enjoy broad discretion when deciding case management and scheduling matters, a discretion that extends to determining how and in what order cases should be heard and determined." (citing *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1210 (D.C. Cir. 2003); *McSheffrey v. Exec. Office for U.S. Attorneys*, 2001 WL 674640, at *1 (D.C. Cir. May 4, 2001) (per curiam))). Defendants' purposeful attempt to confuse the issue should be summarily rejected.

*Second*, Defendants claim that expedition would cause them "substantial prejudice" because they purportedly cannot prepare an adequate motion to dismiss within seven days. Opp. 6. Yet in the very next paragraph—indeed, throughout their Opposition—they trumpet the "utter lack of merit" of Ralls's claims, claiming that 50 U.S.C. App. § 2170(e) precludes review of the President's actions and that Ralls's challenge to the CFIUS order is moot. *Id.* at 6-7. Defendants cannot explain why, if review is so plainly foreclosed, they require more than seven days—*sixty*, in their view—to state the supposed obvious. Ralls will soon enough demonstrate that well-established law does not preclude judicial review of its claims notwithstanding § 2170(e) and the revocation of the CFIUS orders; but that is no reason why *Defendants* cannot promptly file their intended and purportedly straightforward "motion to dismiss for lack of jurisdiction" premised on "the Act's prohibition of judicial review of the Presidential Order, and the mootness of Ralls's challenge to the Amended Interim Order." *Id.* at 8.[1]

*Third*, Defendants have noticeably little to say about the significant time constraints imposed by the President's order and the actual need for expedition given those constraints. Defendants concede that the order requires divestment of the windfarm companies in question by

---

[1] Nowhere does Ralls "acknowledge its slim likelihood of success in this case," as Defendants disingenuously assert. Opp. 7. To the contrary, Ralls welcomes the opportunity to demonstrate, *inter alia*, that its claims are reviewable, that the CFIUS order violates the Administrative Procedure Act, and that the Presidential order exceeds the President's authority, deprives Ralls of its property absent due process, and violates Ralls's right to equal protection.

December 27, 2012, but complain that Ralls's proposed schedule would require briefing to be completed "more than *six weeks* before the December 27 deadline." *Id.* at 7. Some cushion of time, however, is needed before December 27 so that the Court can review the briefs, hold oral argument, and issue a decision, and also so that either party can seek expedited appellate review if necessary. Waiting for a motion to dismiss in late November, as Defendants propose, would dramatically reduce, if not eliminate, the likelihood that this Court could render a decision on that motion—much less issue any decision on the merits—by December 27. Under such circumstances, this Court's equitable discretion to expedite the matter is plainly warranted.[2]

*Fourth*, there is absolutely no merit to Defendants' claim that Ralls "does not need expedition" because it has reserved its right to bring a claim under the Takings Clause at some later point in time. *Id.* at 8. As with their conflation of a motion to expedite and motion for preliminary injunction, Defendants confuse the distinction between Ralls's suit for declaratory and injunctive relief now and a possible Takings Claim suit for just compensation later, notwithstanding that the two actions seek wholly different relief, proceed in wholly different courts, and turn on wholly different standards and theories of law. In *this* suit, Ralls seeks to vindicate its rights by having the actions of CFIUS and the President declared unlawful, regardless of whatever plans it may have for another suit in the future. And in *this* suit, Ralls faces a December 27 deadline before it must engage in the very conduct required by the order it claims is unlawful (to say nothing of the onerous restrictions it currently faces due to the unlawful order).

*Fifth*, while this Court must of course assure itself of its jurisdiction, it does not follow that any "jurisdictional arguments should be resolved before Ralls proceeds with a motion for

---

[2] Defendants note that the 90-day deadline may be extended for up to three months—but whether such an extension will be granted is entirely in Defendants' hands. *See* Opp. 5.

summary judgment." Opp. 8.  This Court routinely addresses motions to dismiss for lack of jurisdiction and motions for summary judgment (including cross-motions by the parties for summary judgment) at the same time and in the same decision, as Ralls's proposed schedule contemplates.  *See, e.g.*, *Robinson v. Wash. Metro. Area Transit Auth.*, ___ F. Supp. 2d ___, 2012 WL 1513053, at *1 (D.D.C. May 1, 2012); *Bowe-Connor v. Shinseki*, 845 F. Supp. 2d 77, 82 (D.D.C. 2012); *Oliver v. Black Knight Asset Mgmt., LLC*, 812 F. Supp. 2d 2, 6-7 (D.D.C. 2011).  Defendants further contend that "it is routine for courts to stay discovery pending the resolution of a dispositive motion to dismiss," Opp. 9, but that too is unavailing.  "[W]here the jurisdictional question is closely intertwined with the merits of the case … it is appropriate for a court to allow discovery to proceed, and to consider the issue of subject matter jurisdiction on a motion for summary judgment thereafter."  *Unite Here Local 25 v. Madison Ownership, LLC*, 850 F. Supp. 2d 219, 230 (D.D.C. 2012) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 198 (D.C. Cir. 1992)).  That is the case here, because the reason 50 U.S.C. App. § 2170(e) does not bar judicial review of this action is due to the nature of Ralls's claims on the merits—specifically, *ultra vires* and constitutional claims that, as well-established law holds, are not barred by a statutory provision precluding judicial review.  Thus, Defendants' misguided arguments concerning the supposed nonreviewability of this action are no barrier to combined motion to dismiss and summary judgment briefing, as Ralls's proposed schedule sets forth.

Respectfully submitted,

 /s/  Paul D. Clement
Paul D. Clement (D.C. Bar No. 433215)
Viet D. Dinh (D.C. Bar No. 456608)
H. Christopher Bartolomucci (D.C. Bar No. 453423)
George W. Hicks, Jr. (D.C. Bar No. 499223)
Brian J. Field (D.C. Bar No. 985577)
BANCROFT PLLC
1919 M Street, N.W., Suite 470
Washington, D.C. 20036
(202) 234-0090

Steven S. Honigman (D.C. Bar No. 201020)
500 East 77th Street
New York, New York 10162
(202) 549-4917

Tim Tingkang Xia
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326
(404) 495-3678

*Counsel for Plaintiff Ralls Corporation*

Dated:  October 3, 2012