## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RALLS CORPORATION**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-01513-ABJ |
| | ) | |
| **COMMITTEE ON FOREIGN INVESTMENT** | ) | |
| **IN THE UNITED STATES**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

The parties to this action respectfully request that the Court enter the attached Protective Order to address the terms of disclosure of certain unclassified documents that the defendants have withheld from production in this case.   In support of this joint motion, the parties respectfully state as follows.

1.   In the appeal of this matter, the United States Court of Appeals directed that due process required the Committee on Foreign Investment in the United States ("CFIUS") to disclose the unclassified evidence on which it relied in connection with previous proceedings in this case. *See Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 319 (D.C. Cir. 2014).   In its order of November 6, 2014, this Court has further directed CFIUS to disclose the "unclassified material contained in the record compiled by CFIUS" and the "unclassified factual findings" underlying its report to the President.   (ECF 65 at 3.)

2.   On November 21, 2014, the defendants disclosed unclassified evidence to the plaintiff in accordance with the instructions of the D.C. Circuit, and also disclosed unclassified material and

factual findings in accordance with the further instructions of this Court.   The defendants also submitted a privilege log describing two documents, the unclassified portions of which had been withheld in whole or in part on the basis of a claim of privilege.

3.   The defendants contend that the unclassified material that they have withheld is privileged, because that material contains sensitive but unclassified military information describing vulnerabilities in Department of Defense operations, and thus is protected from disclosure under 10 U.S.C. § 130e.   The defendants also contend that the disclosure of this sensitive but unclassified material would result in oppression, undue burden, and expense, and that the entry of a protective order is appropriate to limit the disclosure of this material under Fed. R. Civ. P. 26(c).

4.   The parties wish to address the terms of disclosure of this unclassified material, and accordingly stipulate to the entry of the attached Protective Order to resolve any disputes concerning the withholding of this sensitive but unclassified material.   The attached Protective Order would govern the terms of disclosure to plaintiff's counsel of these materials.

WHEREFORE, the parties respectfully request that the Court enter the attached Protective Order.

Dated: December 9, 2014

     Respectfully submitted,

    /s/ Paul D. Clement
Paul D. Clement
Viet D. Dinh
George W. Hicks, Jr.
BANCROFT PLLC
1919 M Street, N.W., Suite 470
Washington, D.C. 20036
(202) 234-0090
pclement@bancroftpllc.com

*Counsel for Plaintiff*

     JOYCE R. BRANDA
     Acting Assistant Attorney General

     RONALD C. MACHEN, JR.
     United States Attorney

     ANTHONY J. COPPOLINO
     Deputy Branch Director

     DIANE KELLEHER
     Assistant Branch Director

     /s/ Joel McElvain
     JOEL McELVAIN
     Senior Trial Counsel
     U.S. Department of Justice
     Civil Division, Federal Programs Branch
     20 Massachusetts Avenue, NW
     Washington, D.C. 20530
     (202) 514-2988
     Joel.McElvain@usdoj.gov

     *Counsel for Defendants*