IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RALLS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:12-cv-01513-ABJ |
| | ) |
| COMMITTEE ON FOREIGN INVESTMENT | ) |
| IN THE UNITED STATES, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**FILED**
DEC 1 2 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## PROTECTIVE ORDER

Upon consideration of the parties' joint motion for entry of a protective order, and finding good cause therefor under Fed. R. Civ. P. 26(c), this Court hereby orders as follows.

**I.   Definitions**

1.1   <u>Challenging Party</u>:   A Party that challenges the designation of information or items under this Protective Order.

1.2   <u>Counsel</u>:   Counsel of Record (as well as employees or supervisors of Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A).

1.3   <u>Counsel of Record</u>:   Attorneys who are not employees of a Party to this action but are retained to represent a Party to this action and have entered an appearance in this action on behalf of a Party.

1.4   <u>Designating Party</u>:   A Party that designates information or items that it discloses in this action as material to be protected under the terms of this Protective Order.

1.5   Party:  Any party to this action, including its officers, directors, agents, and employees.

1.6   Producing Party:  A Party that discloses or produces material in this action.

1.7   Protected Material:  Unclassified information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including (a) the document entitled "Information Paper – Subject: Impact of Wind Turbine Projects to NWSTF Boardman (R5701) (Apr. 8, 2011)," which the defendants have withheld from production on the grounds that it contains sensitive but unclassified military information and that it is protected under 10 U.S.C. § 130e, and (b) paragraphs 4.5 and 4.8, and the redacted portion of paragraph 4.9, of the document entitled "CFIUS Case 12-044 – Ralls Corporation – Certain Assets of Terna Energy USA – Transactional Risk Review (July 31, 2012)," which portions the defendants have withheld from production of the unclassified version of this document, on the grounds that these portions of the document contain sensitive but unclassified military information and that they are protected under 10 U.S.C. § 130e.

1.8   Receiving Party:  A Party that receives material disclosed or produced by a Producing Party in this action.

**II.   Scope**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) all copies or excerpts of Protected Material; and (2) any testimony, conversations, or presentations by Parties or their Counsel that discuss Protected Material. However, the terms of this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not

involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) information determined by the United States government to be classified under Executive Order No. 13,526, as such material is not subject to disclosure under this Protective Order or otherwise in this litigation.

### III.   Duration

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing, or until an order of this Court otherwise directs.   Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### IV.   Designations of Protected Material

4.1   <u>Exercise of Restraint and Care in Designating Protected Material</u>.   Each Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2   Manner of Designations. Except as otherwise stipulated or ordered, Protected Material must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires that the Producing Party affix the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

4.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

V.     **Challenging Designations of Protected Material**

5.1     Timing of Challenges.  Any challenge to a designation of confidentiality shall be made, by initiating the meet and confer process described below, within 14 days of the Challenging Party's receipt of a designation of Protected Material.  Any failure to challenge a designation of confidentiality in a timely fashion pursuant to the procedures set forth in this paragraph shall result in a waiver of such challenge.

5.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review and to reconsider the designation of material for protection.

5.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge a confidentiality designation within 28 days after the Challenging Party's initial notice of challenge.  Any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VI. Access to and Use of Protected Material

6.1   <u>Limitations on Use of Protected Material</u>. A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section X below (Final Disposition). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

6.2   <u>Access to Protected Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any Protected Material may be disclosed only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees or supervisors of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; or

(b) this Court and its personnel, provided that the conditions for seeking leave to file such material under seal in paragraph 9.3 below are satisfied.

## VII. Protected Material Sought in Other Litigation

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

### VIII. Unauthorized Disclosure

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### IX.  Miscellaneous

9.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

9.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on ground of privilege, statutory exemption for disclosure, or any other ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use of any of the material covered by this Protective Order.

9.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this or any other action any Protected Material.  A Party that seeks to file under seal any Protected Material must first file a motion requesting leave to do so, and must be granted leave to so file.  Protected Material may only be filed under seal pursuant to a court order authorizing the filing under seal of the specific Protected Material at issue.  A Party filing sealed material pursuant to this paragraph shall comply with this Court's Local Rule 5.1(h).

9.4   Use by Designating Party.  This Protective Order does not purport to abridge a Designating Party's right, in accordance with other provisions of law, to access or to use material that it has designated for protection.

### X.  Final Disposition

Within 60 days after the Final Disposition of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or

capturing any of the Protected Material.  Also within 60 days after the Final Disposition of this action, the Receiving Party must submit a written certification to the Producing Party by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, legal memoranda, correspondence, and attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section III (Duration).

IT IS SO ORDERED.

Dated: 12/12/14

AMY BERMAN JACKSON
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Columbia on _____ in the case of *Ralls Corporation v. Committee on Foreign Investment in the United States, et al.*, United States District Court Case No. 1:12-cv-01513-ABJ. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____